Michael Yesk (SB#130056)
Clarisse Chung (SB# 260894)
Yesk Law
70 Doray Drive, Suite 16
Pleasant Hill, CA 94523
925-849-5525
yesklaw@gmail.com
Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REY TABONES and FELOMENA TABONES,<br><br>    Plaintiffs,<br><br>vs.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY; OCWEN LOAN SERVICING, LLC; POWER DEFAULT SERVICES, INC.; AND DOES 1-100, INCLUSIVE,<br><br>    Defendants. | Case No.: 3:13-CV-05225-CRB<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT**<br><br>Hearing: February 7, 2014<br>Time: 10:00 a.m.<br>Ctrm: 6 (17th Floor)<br><br>Hon. Charles R. Breyer |

**Table of Contents**

Table of Authorities..................................................................................................................iv

    Cases ...............................................................................................................................iv

    Statutes....................................................................................................................... iv-v

    Other Authorities ..............................................................................................................v

Memorandum of Points and Authorities .....................................................................................1

Introduction ................................................................................................................................1

Factual Background....................................................................................................................1

Standard of Review ………………………………………………………….................2

Discussion...................................................................................................................................2

    I.     Plaintiff Have Standing under *Glaski* to Challenge a Void Assignment..............2

    II.    Defendants' Belated Assignment of Plaintiffs' Mortgage to the Closed Trust Pool Was Void and Not Merely Voidable ............................................................3

    III.   C.     Tender Is Not Required Where A Foreclosure Sale Has Not Yet Occurred and Would Otherwise Be Void, Not Voidable…………………………………..5

          A.     Tender Not Required Where Foreclosure Has Not Yet Occurred ………5

          B.     Tender Not Required Where Foreclosure Sale Would Be Void and Not Merely Voidable …………………………………………………………..6

    IV.   Plaintiffs' TILA Claims are Not Barred ……………………………………...7

          A.     Plaintiffs' Claims Are Not Time-Barred or Barred By Any Alleged Retroactive Application of 15 U.S.C. § 1641(g)…………………………..7

          B.     Plaintiffs State Facts Sufficient to Constitute a TILA Cause of Action…8

    V.    Plaintiffs Have Stated Facts Sufficient to Allege Causes of Action for Violations of Federal Fair Debt Collection Debt Practices Act ("FDCPA").........................9

VI. Plaintiffs Have Stated Facts Sufficient to Allege Causes of Action for Violations of the Real Estate Settlement Procedures Act ("RESPA")……………………10

VII. Plaintiffs Have Stated Facts Sufficient to Allege a Cause of Action for Common Count Money Had and Received …………………………………………..11

VIII. Plaintiffs Are Not Judicially Estopped From Bringing This Action…………..12

Conclusion……………………………………………………………………………...13

# Table of Authorities

Cases

*Ashcroft v. Iqbal*, 129 U.S. 1937, 1949 (2009) ................................................................................2

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)..............................................................2

*Bourff v. Rubin Lublin, LLC* (11th Cir. 2012) 674 F.3d 1238, 1241–42…………………………9

*Bridge v. Ocwen Federal Bank, FSB* (2012) 681 F.3d 355……………………………………….9

*Catalan v. GMAC Mortg. Corp.*, 629 F.3d 676, 687 (7th Cir. 2011)……………………………10

*Chan Tang v. Bank of America, N.A.*, 2012 WL 960373 (C.D. Cal.) *3…………………………5

*Culhane v. Aurora Loan Services of Nebraska*, 708 F.3d 282, 290 (1st Cir. 2013) ……………...3

*Dimock v. Emerald Properties, Inc.* (2000) 81 Cal. App. 4th 868 ...............................................6, 7

*Donato v. Metropolitan Life Ins. Co.,* 230 B.R. 418, 423 (1999) ..................................................13

*Dubin v. BAC Home Loan Servicing,* No. C-10-05065 EDL; 2011 WL 794995, at *3..................5

*FPCI RE-HAB 01 v. E&G Investments, Ltd.* (1989) 207 Cal.App.3d 1018, 1021 .........................5

*Glaski v. Bank of America, N.A.,* (2013) 218 Cal. App. 4th 1079..................................3, 4, 6, 7, 12

*Glazer v. Chase Home Finance LLC* (2013) 704 F.3d 453……………………………………....9

*Hay v. First Interstate Bank of Kalispell, N.A.*, 978 F.2d 555, 557 (9th Cir. 1992)…………12, 13

*Humboldt Sav. Bank v. McCleverty* (1911) 161 Cal. 285...............................................................6

*Hutchinson v. Del. Sav. Bank FSB,* 410 F.Supp.2d 374, 383 (D. N.J. 2006) ................................11

*Interstate Fire & Cas. Co. v. Underwriters*, 139 F.3d 1234, 1239 (9th Cir. 1998) ................12, 13

*Karlsen v. Am. Sav. & Loan Ass'n* (1971) 15 Cal.App.3d 112, 121 ................................................5

*King v. State of Cal.* (1986) 784 F.2d 910, 914-15.........................................................................8

*Lona v. Citibank, N.A.* (2011) 202 Cal. App. 4th 89 ......................................................................6

*Masayesva v. Hale*, 118 F.3d 1371, 1382 (9th Cir.1997) ............................................................12

*Onofrio v. Rice* (1997) 55 Cal. App. 4th 413 .................................................................................6

*Reese v. Ellis, Painter, Ratterree & Adams, LLP* (2012) 678 F.3d 1211, 1216-17.........................9

*Sacchi v. Mortgage Electronic Registration Systems, Inc.* (C.D. Cal. 2011) 2011 WL 2533029..6, 12

*Silva-Pearson*, 2011 WL 2633406, at \*2 .................................................................................5

*Tamburri v. Suntrust Mortgage, Inc.* (N.D. Cal. 2011) 2011 WL 6294472 ...........................6

*Vargas v. HSBC Bank,* 2012 U.S. Dist. LEXIS 128661 (S.D. Cal 2012) ....................7, 10, 11

*Yanez v. United States*, 989 F.2d 323, 326 (9th Cir.1993) ....................................................12

*Yulaeva v. Greenpoint Mortg. Funding, Inc,* 2009 WL 2880393 at \*15
(E.D.Cal. Sept. 3, 2009) ..........................................................................................................11

## Statutes

12 U.S.C. § 2605 ...............................................................................................................10, 11

15 U.S.C. § 1641 ..................................................................................................................7, 8

15 U.S.C. § 1692a(6) ................................................................................................................9

Cal. Civ. Code § 2924 .............................................................................................................12

I.R.C. § 860G ............................................................................................................................4

New York Estates, Powers and Trusts Law § 7-2.4 .................................................................3

## Rules

Fed.R.Civ.P. ..............................................................................................................................2

## MEMORANDUM OF POINTS AND AUTHORITIES

I. **INTRODUCTION**

Plaintiffs REY TABONES and FELOMENA TABONES, ("Plaintiffs") hereby submit this opposition to Defendants DEUTSCHE BANK NATIONAL TRUST COMPANY ("Deutsche" or "Defendant"); OCWEN LOAN SERVICING, LLC ("Ocwen" or "Defendant"); and POWER DEFAULT SERVICES, INC.'s ("PDS" or "Defendant") (collectively, "Defendants") Motion to Dismiss Plaintiffs' Complaint.

This case arises out of Defendants' attempts to wrongfully foreclose on Plaintiffs' property despite lacking the right to do so under the operative security instruments. Plaintiffs contend they have alleged facts sufficient to state claims for relief and respectfully request that this Court deny Defendants' Motion to Dismiss ("Motion to Dismiss").

II. **FACTUAL BACKGROUND**

Plaintiffs' Complaint ("Complaint") arises out of wrongful actions taken by Defendants in their attempts to foreclose upon real property purchased by the Plaintiffs. On or around April 10, 2006, Plaintiffs executed a Deed of Trust in favor of Option One Mortgage Corporation ("Option One") secured by real property located at 30 Pine Creek Court, Pittsburg, California 94565 ("Subject Property"). At the time of loan origination, Plaintiffs allege they were not provided with accurate material disclosures required under the Truth-In-Lending Act ("TILA") regarding the terms of their loan and the availability of similar loan products with other lenders.

Shortly after Plaintiffs entered into this Deed of Trust, Option One sold Plaintiffs' Deed of Trust to the Soundview Home Loan Trust 2006-OPT5 ("SLT 2006-OPT5 Trust" or "Trust Pool"), a mortgage-backed securitized trust. However, in direct contravention to: (1) the express terms of the Pooling and Servicing Agreement ("PSA") governing the Trust Pool; and (2) Internal Revenue Code ("I.R.C.") provisions governing tax-exempt real estate mortgage investment conduit ("REMIC") trusts like this one, Plaintiffs' mortgage was not properly transferred to the Trust Pool at this time. Moreover, in direct violation of statutory requirements under TILA, neither the seller nor the assignee of interest in Plaintiffs' Deed of Trust, including

Defendants, informed Plaintiffs that there was a new purported owner or assignee of their debt.

On June 20, 2008, a Notice of Default was recorded against the Subject Property. On July 21, 2008, *more than two years after* the Trust Pool had closed, an Assignment of Deed of Trust was finally recorded in favor of Deutsche as Trustee for the Trust Pool Plaintiffs' mortgage was purportedly sold to in 2006. On July 25, 2008, Deutsche recorded a Substitution of Trustee. On October 2, 2008, a Notice of Rescission of Notice of Default was recorded and a new Notice of Default was recorded on April 1, 2011. On August 12, 2011, Deutsche as alleged beneficiary recorded a second Substitution of Trustee, appointing Defendant PDS as trustee. On November 16, 2011 and March 29, 2013, Defendants recorded two Notices of Trustee's Sale.

### III. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a Motion to Dismiss tests the ability of a complaint to allege facts sufficient to state a plausible claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). A complaint that contains sufficient factual allegations "to raise a right to relief above the speculative level" will survive a motion to dismiss. *Id*. A complaint must state a claim that is facially plausible, requiring facts showing more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 U.S. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In evaluating whether a complaint meets this standard, the court is not required to assume the truth of Plaintiff's legal conclusions but must take Plaintiff's factual allegations as true, and then "determine whether they plausibly give rise to an entitlement to relief." *Id*. at 1950.

### IV. DISCUSSION

    **A.**    **Plaintiff Have Standing under *Glaski* to Challenge a Void Assignment**

Defendants broadly argue in their Motion to Dismiss that "[b]orrowers lack standing to challenge the securitization, transfer or assignment of a loan pursuant to a PSA or otherwise." Mtn. at p. 3. They further assert that "[c]laims under a PSA are dismissed for lack of standing." *Id.* Defendants' contentions are in error and fail to address the crux of Plaintiffs' arguments.

In the recent California court of appeal decision in *Glaski v. Bank of America*, the court acknowledged that when a borrower asserts an assignment is ineffective, "a question often arises about the borrower's standing to challenge the assignment of the loan (note and deed of trust)." 218 Cal.App.4th at 1094. Nonetheless, the court upheld the standing of a third party to challenge the validity or effectiveness of a transfer or assignment where such transfer would be *void* and not merely voidable. *Id.* at 1094-95.

The question of whether a transfer was void or merely voidable is a threshold question that must be considered by a court and it is improper to broadly dispose of a third party challenge to an assignment merely because they are not a party to the transaction. *See Id.* In its holding, the *Glaski* court "reject[ed] the view that a borrower's challenge to an assignment *must fail* once it is determined that the borrower was not a party to, or third party beneficiary of, the assignment agreement" and stated that "[c]ases adopting that position 'paint with too broad a brush.'" *Id.* at 1095 (emphasis added); *see also Culhane v. Aurora Loan Services of Nebraska*, 708 F.3d 282, 290 (1st Cir. 2013). Instead of prematurely disposing of potentially legitimate claims, courts should proceed to the question whether the assignment was void. *See e.g. Id.*

**B.     Defendants' Belated Assignment of Plaintiffs' Mortgage to the Closed Trust Pool Was Void and Not Merely Voidable**

In *Glaski, supra*, the Court of Appeal addressed the issue of whether Plaintiff's allegations of a post-closing date transfer of his deed of trust into a securitized trust was the type of defect that would render the transfer *void*, and not merely voidable. 218 Cal.App.4th at 1097. The *Glaski* court noted that: (1) The trust's pooling and servicing agreement clearly established a closing date beyond which assignments and transfers to the trust would not be allowed, and (2) The trust was formed under New York trust law, which stated that any "sale, conveyance or other act of the trustee in contravention of the trust…is void." *Id.* at 1093, citing New York Estates, Powers and Trusts Law § 7-2.4.

The trust was also subject to the requirements imposed on REMIC trusts and the governing IRC provisions generally required that mortgages be transferred to a securitized trust

within ninety (90) days from the date the trust was created. *Id.* at 1093, fn. 12; I.R.C. 860G. As such, the *Glaski* court held that the belated assignment (attempted four years after the trust closed) was void as an act in contravention of the trust document and plaintiff alleged facts sufficient to state a wrongful foreclosure claim under the theory that the entity invoking the power of sale was not the holder of the trust. *Id.* at 1097.

The *Glaski* is exactly on point for the case at bar. Just as in *Glaski*, Defendant Deutsche (as Trustee of the Trust Pool Plaintiffs' mortgage was purportedly sold to) attempted to receive a post-closing date transfer of Plaintiffs' mortgage *two years after* the Trust Pool had closed. Plaintiffs allege that July 21, 2008 Assignment of Deed of Trust was in direct contravention to the express terms of the governing PSA, including Section 2.05 which required that all mortgage files be transferred to the Trust Pool before its Closing Date of June 19, 2006, and Section 9.02 which prohibited Deutsche as Trustee from accepting any contributions to the tax-exempt REMIC trust after the Closing Date.[1] Also, as in *Glaski*, the Trust Pool was a trust formed under New York law, which provided that any "sale, conveyance or other act of the trustee in contravention of the trust…is void." *Glaski, supra,* 218 Cal.App.4th at 1093, citing New York Estates, Powers and Trusts Law § 7-2.4. Finally, as in *Glaski*, Deutsche's attempt to accept a prohibited, belated contribution directly violated the I.R.C. provisions, which require that mortgages be transferred to tax-exempt trusts like this one within ninety (90) days of the trust's creation or Closing Date. *See* I.R.C. 860G.

As such, this attempted transfer was *void* and not merely voidable and Plaintiffs have standing to challenge the invalid July 21, 2008 Assignment of Deed of Trust in favor of Deutsche as Trustee for the Trust Pool. *See Glaski, supra*, 218 Cal.App.4th at 1095.

///

///

///

---

[1] A copy of the Trust Pool PSA can be found at the following link:
http://www.sec.gov/Archives/edgar/data/1363671/000088237706002459/d518435_8k.htm

C. **Tender Is Not Required Where A Foreclosure Sale Has Not Yet Occurred and Would Otherwise Be Void, Not Voidable**

i. *Tender Not Required Where Foreclosure Has Not Yet Occurred*

Defendants allege in their Motion to Dismiss that Plaintiffs' claims fail for lack of tender. *See* Mtn. at p. 13. However, Defendants' contention is in error and based upon facts that are dissimilar to those of the case at bar. Courts that have applied the tender rule have largely done so in the context of a foreclosure sale that has happened and not one that is pending. *Chan Tang v. Bank of America, N.A.*, 2012 WL 960373 (C.D. Cal.) *3; *see also Karlsen v. Am. Sav. & Loan Ass'n* (1971) 15 Cal.App.3d 112, 121; *FPCI RE-HAB 01 v. E&G Investments, Ltd.* (1989) 207 Cal.App.3d 1018, 1021. The *Tang* court likewise followed this "more persuasive" line of decisions in "refus[ing] to extend the tender rule to cases where the foreclosure sale has not yet occurred." *Chan Tang, supra,* at *5; *see also Silva-Pearson*, 2011 WL 2633406, at *2; *Dubin v. BAC Home Loan Servicing,* No. C-10-05065 EDL; 2011 WL 794995, at *3.

Among other things, the *Tang* court found that applying the tender rule was not a "useless act" in cases where a foreclosure sale had not occurred because no judicial resources would be required to unwind an already-completed foreclosure sale (which arguably would be useless if plaintiffs could not tender). *Id.* at *5. The court "d[id] not believe, however, that *postponing* a sale when there are serious defects in a bank's compliance with California's comprehensive statutory foreclosure scheme is a useless act." *Id.* (emphasis in original). The court held that the burden on banks for complying with California's foreclosure scheme was already very low and "d[id] not ask for much from foreclosing parties." *Id.* at *6. For example, as pointed out by the court, actual notice of default and sale is not even required. *Id.*

As such, the court held it did "not believe it is useless to require lenders and trustees to comply with statutory requirements before foreclosing on all debtors, regardless of their financial situation." *Id.* The ongoing pattern of "[i]mproperly recorded notices, unsigned affidavits, and specious trustee substitutions" have cast clouds over what otherwise might be perfectly legitimate transactions and have led to great uncertainty on the part of borrowers as to the legal

authority of those attempting to foreclose on their homes. *Id.* The court therefore refused to apply the tender rule as it would "prevent any examination of irregularities in the foreclosure process, thus immunizing even deliberate disregard for statutory requirements" by large financial institutions against "underfinanced opponents." *Id.*

        **ii.** ***Tender Not Required Where Foreclosure Sale Would Be Void and Not Merely Voidable***

Moreover, Plaintiffs contend that the tender rule should not apply because Defendants are not and could not ever have been the proper beneficiaries under Plaintiffs' Deed of Trust and as such, are entities that lacked the legal right to "either collect on the debt or enforce the underlying security interest" in the first place. *See Glaski, supra,* 218 Cal.App.4th at 1099.

The tender rule is not a blanket rule that should be applied to all foreclosure cases. Rather, "tender may not be required where it would be inequitable to do so." *Onofrio v. Rice* (1997) 55 Cal. App. 4th 413, 424 (affirming trial court's grant of relief to plaintiff on rescission claim although plaintiff failed to tender); *see also Lona v. Citibank, N.A.* (2011) 202 Cal. App. 4th 89, 113 ("tender may not be required where it would be inequitable to impose such a condition on the party challenging the sale"); *Sacchi*, 2011 WL 2533029 at *10; *Tamburri*, 2011 WL 6294472 at *3; *Humboldt Sav. Bank v. McCleverty* (1911) 161 Cal. 285, 291.

Significantly, it is a well-established principle that tender is not required where a foreclosure is alleged to be *void* and not merely voidable. *See e.g. Dimock v. Emerald Properties, Inc.* (2008) 81 Cal.App.4th 868; *Lona v. Citibank, N.A.* (2011) 202 Cal. App. 4th 89; *Tamburri*, 2011 WL 6294472 at *4 ("where a sale is void, rather than simply voidable, tender is not required"). As already stated above, Plaintiffs are challenging Defendants' right to foreclose on the basis that the July 21, 2008 Assignment of Deed of Trust – effected *two years after* the Trust Pool had closed – was a *void* and not merely voidable transfer, and as such, the tender rule should not apply. *See Glaski, supra,* 218 Cal.App.4th at 1100. In addressing the issue of tender, the *Glaski* court stated that "[t]ender is not required where the foreclosure sale is void, rather

than voidable, such as when plaintiff proves that the entity *lacked the authority to foreclose*." *Id.* (emphasis added); *see also Dimock v. Emerald Properties, Inc*. (2008) 81 Cal.App.4th 868.

Plaintiffs likewise respectfully urge this Court to adopt this reasoning and to uphold the line of cases stating that tender is not required where a foreclosure sale has not happened.

   **D.**  **Plaintiffs' TILA Claims are Not Barred**

     **i.**  *Plaintiffs' Claims Are Not Time-Barred or Barred By Any Alleged Retroactive Application of 15 U.S.C. § 1641(g)*

Plaintiffs contend that Defendants' arguments regarding the retroactive application of 15 U.S.C. § 1641(g) ("Section 1641(g)") are without merit. In advancing their argument that Section 1641(g) does not apply because Plaintiffs' loan was sold in 2006 and the Assignment of Deed of Trust in favor of Deutsche occurred in 2008 (prior to the enactment Section 1641(g)), Defendants are presumably urging the Court to rely on the truth of judicially noticed or judicially noticeable recorded documents for these facts. However, the glaring problem with Defendants' argument is that it "requires the court to prematurely decide a genuine issue of material fact: if and when [Defendant] became Plaintiffs' 'Creditor.'" *See Vargas v. HSBC Bank,* 2012 U.S. Dist. LEXIS 128661 (S.D. Cal 2012) at *8. However, this is the very fact that is at issue as the crux of Plaintiffs' Complaint is that Plaintiffs do not know when, if ever, Plaintiffs' note was transferred to Deutsche as Trustee of the Trust Pool.

Defendants' claim that Plaintiffs' TILA cause of action is time-barred is similarly premature and fails for the same reason. Without deciding the factual issue of when Defendants became a creditor (if ever), it cannot be determined when the statute of limitations began to run. *See Vargas, supra,* *8 (denying defendant's motion to dismiss on grounds that 15 U.S.C. § 1641(g) did not exist when note was sold to trustee of a trust pool and rejecting defendant's contention that TILA cause of action was time-barred). As such, Plaintiffs contend that Defendants are seeking to move this court to make a premature determination not appropriate at this pleading stage. In the alternative, if the Court finds that the statute of limitations applies, Plaintiffs respectfully request that this Court apply the principles of equitable tolling as it is

PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS COMPLAINT - 7
CASE NO. 3:13-CV-05225-CRB

appropriate to "effectuate the congressional purpose of the Truth-in-Lending Act" in this matter. *See King v. State of Cal.* (1986) 784 F.2d 910, 914-15.

### ii. *Plaintiffs State Facts Sufficient to Constitute a TILA Cause of Action*

Defendants argue in their Motion to Dismiss that they are not liable as assignees under TILA because assignee liability only exists "if there is a TILA violation apparent on the face of the note, deed of trust, or the TILA disclosure statement." Mtn. at p. 5. Defendants argue that Plaintiffs' claims fail because Plaintiffs' Complaint does not allege defects apparent on the face of these documents. Defendants misconstrue the allegations in Plaintiffs' Complaint.

Plaintiffs' Complaint clearly alleges that the original lender (and Defendants as the purported assignees) violated TILA "by *failing to provide* Plaintiffs with accurate material disclosures required under TILA." Cmp. at p. 5. Under 15 U.S.C. § 1641 of TILA (titled "Liability of Assignees"), an action can be maintained against the assignee of a creditor "if the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement." 15. U.S.C. § 1641(a). Congress further defined a "violation apparent on the face of the disclosure statement" as: (1) "a disclosure which can be determined to be incomplete or inaccurate from the face of the disclosure statement or other documents assigned," or (2) "a disclosure which does not use the terms required to be used by this subchapter." *Id.*

Plaintiffs contend that Defendants are liable as assignees for the original creditors' failure to provide Plaintiffs with accurate material disclosures because such disclosures must have necessarily been included in the mortgage files Defendants received when they were purportedly assigned an interest in Plaintiffs' Deed of Trust and promissory note. As such, Defendants' failure to receive such disclosure statements constituted a "violation apparent on the face of the disclosure statement" in that the absence of a disclosure constituted an "incomplete" disclosure. *See* 16. U.S.C. § 1641(a). Plaintiffs contend that Congress did not intend to exclude from liability creditors who utterly failed to provide the required material disclosures under TILA and later assigned these debt obligations to other assignees. Plaintiffs further contend this would incentivize creditors to not provide the required disclosures and then subsequently transfer

interest in a debt to an assignee, thereby insulating both parties from egregious violations of TILA. This result cannot be correct and would represent a violation of Congressional intent.

### E. Plaintiffs Have Stated Facts Sufficient to Allege Causes of Action for Violations of Federal Fair Debt Collection Debt Practices Act ("FDCPA")

Plaintiffs have stated facts sufficient to support a claim for Defendants' violations of the FDCPA. Despite Defendants' contentions that they were not a "debt collector" within the meaning of the FDCPA, a number of federal Courts of Appeal have viewed "letter[s] requesting payment on a promissory note secured by a mortgage as "an attempt at debt collection" within the meaning of the FDCPA." *Reese v. Ellis, Painter, Ratterree & Adams, LLP* (2012) 678 F.3d 1211, 1216-17; see also *Bourff v. Rubin Lublin, LLC* (11th Cir. 2012) 674 F.3d 1238, 1241–42; *Bridge v. Ocwen Federal Bank, FSB* (2012) 681 F.3d 355; *Glazer v. Chase Home Finance LLC* (2013) 704 F.3d 453. As stated by the *Reese* court, the status of entities as "debt collectors" may be further confirmed by statements on foreclosure communications that explicitly reference debt collection, such as: "Lender hereby *demands full and immediate payment* of all amounts due" and "unless you pay all amounts due and owing under the Note," attorney's fees "will be added to the total amount *for which collection is sought*." *Id.* at 1217. (emphasis in original)

In *Reese*, the court held that plaintiffs' complaint held enough factual content to support their contention that defendant was a "debt collector" within the meaning of the FDCPA because defendant "regularly attempts to collect debts." *Id.* at 1218. Plaintiffs contend that the same reasoning should apply to Defendants in the case at bar. Whether or not Defendants are attempting to collect on their own purported debt or on the debt of others, Plaintiffs contend that Defendants regularly attempt to collect debts either for themselves or for others. *See e.g.* 15 U.S.C. § 1692a(6). As such, Defendants fall within the plain language of FDCPA's definition of a "debt collector." *See e.g.* 15 U.S.C. § 1692a(6).

Moreover, as alleged in Plaintiffs' Complaint, Defendants as "debt collectors" violated the FDCPA due to the void transfer of interest that was attempted through the July 21, 2008 Assignment of Deed of Trust in favor of Deutsche as Trustee for the Trust Pool, more than *two*

*years after* the Trust Pool had closed. Plaintiffs again contend that because the sale and securitization of their mortgage did not close before the June 19, 2006 closing date in accordance with the terms of the PSA, Option One neither retained nor transferred interest in Plaintiff's Deed of Trust, Deutsche never received a transfer of interest, and the mortgage became the property of an unknown beneficiary. As such, Deutsche and any of its subsequent appointees (including PDS and Ocwen) had no authority to engage in actions for the purpose of enforcing Plaintiffs' promissory note and Deed of Trust.

### F. Plaintiffs Have Stated Facts Sufficient to Allege Causes of Action for Violations of the Real Estate Settlement Procedures Act ("RESPA")

Defendants allege in their Motion to Dismiss that they had no duty to respond to Plaintiffs' Qualified Written Request ("QWR") under 12 U.S.C. § 2605 *et seq.*, part of the Real Estate Settlement Procedures Act ("RESPA"). Mtn. at p. 10. Defendants base their argument on the fact that Plaintiffs' QWR addressed both the servicing of the loan as well as its validity. *Id.* Plaintiffs assert that Defendants' contentions are in error as they are based on an unreasonably narrow interpretation of what constitutes an adequate QWR.

Under 12 U.S.C. § 2605, a QWR is defined as a "written correspondence…that (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (ii) includes a statement of the reasons for the belief of the borrower…that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B). In interpreting this statutory provision, courts have held that "RESPA does not require any magic language" and that "any reasonably stated written request for account information can be a qualified written request." *Catalan v. GMAC Mortg. Corp.*, 629 F.3d 676, 687 (7th Cir. 2011); *Vargas, supra,* at *11-12. In *Vargas*, the court held that "[p]laintiffs' letter would be considered a QWR because it included enough details on information – not only on the ownership of the loan but also the servicing of the loan," and as such, Plaintiffs stated a plausible claim for relief under RESPA. *Id.* at * 11-12.

1  Plaintiffs contend that the same reasoning and interpretation of the statute should apply in
2  the case at bar. In compliance with the express terms of 12 U.S.C. § 2605, Plaintiffs' QWR
3  provided sufficient information to "enable the servicer to identify the name and account of the
4  borrower," and to apprise Defendants' of Plaintiffs' belief that their account was in error. *See* 12
5  U.S.C. § 2605(e)(1)(B). Moreover, Plaintiffs' QWR explicitly listed out the type of information
6  Plaintiffs were seeking from Defendants. *See Id.* As such, Plaintiffs' written request for account
7  information was a "qualified written request" for purposes of RESPA and Plaintiffs alleged facts
8  sufficient to maintain a cause of action as such.

9  Finally, Defendants err in their claim that Plaintiffs' RESPA cause of action fails for lack
10  of damages. Mtn. at p. 12. The defendant in *Vargas* made similar arguments that were rejected
11  by the court, which found that "courts have liberally interpreted this [damages] requirement."
12  *Vargas, supra,* \*14; *see also Yulaeva v. Greenpoint Mortg. Funding, Inc,* 2009 WL 2880393 at
13  \*15 (E.D.Cal. Sept. 3, 2009); *Hutchinson v. Del. Sav. Bank FSB,* 410 F.Supp.2d 374, 383 (D.
14  N.J. 2006) (holding that plaintiffs sufficiently pled actual damage when they alleged negative
15  credit ratings on their credit reports and the inability to obtain and borrow another mortgage loan
16  and other financing).

17  Here, Plaintiffs allege damages in the form of mortgage payments made to entities that
18  were not the true holders of beneficial interest in Plaintiffs' mortgage. *See* Cmp. at p. 12. They
19  also allege damages in the form of detriment to their credit rating, foreclosure upon their home
20  by parties that have no standing to foreclose, and mental anguish and inconvenience as a result of
21  these foreclosure proceedings. *Id.* at 13. As such and as the court found in *Vargas*, Plaintiffs have
22  stated sufficient facts to withstand a motion to dismiss and Defendants' motion should be denied.
23  *See Vargas, supra,* \*13-14.

24  G.  **Plaintiffs Have Stated Facts Sufficient to Allege a Cause of Action for Common Count Money Had and Received**
25  
26  Finally, Defendants allege that Plaintiffs fail to state a cause of action for common count of money had and received because Defendants do not owe Plaintiffs a debt. However, as

already alleged by Plaintiffs in this Opposition and in their Complaint, Plaintiffs are challenging the standing of Defendants as beneficiaries of the Deed of Trust due to Option One's failure to properly transfer Plaintiffs' mortgage to the Trust Pool in 2006. Despite the belated attempt by Deutsche to receive a transfer of beneficial interest *two years after* the Trust Pool had closed through the July 21, 2008 Assignment of Deed of Trust, Plaintiffs contend this was an act in violation of the express trust provisions and REMIC requirements governing tax-exempt trusts like the Trust Pool and, as such, was a *void* and not merely voidable transfer. *See e.g. Glaski, supra,* 218 Cal.App.4th at 1097.

Plaintiffs contend that Defendants wrongfully stepped into the shoes of the beneficiary of the Deed of Trust and received mortgage payments they were not entitled to. Plaintiffs have stated facts sufficient to sustain a cause of action for common count money had and received against Defendants, and Defendants' Motion to Dismiss should be denied.

### H. **Plaintiffs Are Not Judicially Estopped From Bringing This Action**

Defendants assert that Plaintiffs are judicially estopped from bringing this action because Plaintiffs purportedly failed to list their claims against Defendants in the Chapter 13 bankruptcy proceedings Plaintiffs filed earlier this year. Mtn. at p. 1-2. Plaintiffs contend that Defendants' arguments are in error.

Courts in the Ninth Circuit have consistently held that the purpose of enacting a judicial estoppel bar is to preclude parties "from taking inconsistent positions in the same litigation." *Interstate Fire & Cas. Co. v. Underwriters*, 139 F.3d 1234, 1239 (9th Cir. 1998); *Yanez v. United States*, 989 F.2d 323, 326 (9th Cir.1993). Moreover, in this Circuit, "[a] majority of courts apply judicial estoppel *only if the court has relied on* the party's previously inconsistent statement." *Id.*; *see Masayesva v. Hale*, 118 F.3d 1371, 1382 (9th Cir.1997) (emphasis added).

Defendants' reliance on *Hay v. First Interstate Bank of Kalispell, N.A.*, 978 F.2d 555, 557 (9th Cir. 1992) is inapposite. In *Hay*, the court judicially estopped the plaintiff from proceeding with a lawsuit against one of the major creditors in its Chapter 11 bankruptcy case, in part because the plaintiff and creditor had negotiated a separate settlement of the creditor's claim that

was specifically approved by the bankruptcy court. 978 F.2d at 556; *see Donato v. Metropolitan Life Ins. Co.,* 230 B.R. 418, 423 (1999). In this case, had the plaintiff disclosed the lawsuit in its bankruptcy case, it would have affected its negotiated settlement with the major creditor.

In contrast to *Hay*, Plaintiffs and Defendants have not negotiated any prior, separate settlement of Defendants' claims in the bankruptcy proceeding nor have Defendants demonstrated any prior inconsistent statement the bankruptcy court relied on. *See Interstate, supra,* 139 F.3d at 1239. Rather, Plaintiffs' validation of their underlying debt in the bankruptcy proceeding was entirely consistent with the current causes of action they maintain against Defendants who Plaintiffs claim are not the true owners of their debt due to the imperfect securitization of their mortgage in 2006 and the void Assignment of Deed of Trust Defendants attempted to effect in 2008. As such, Plaintiffs' claims cannot be judicially estopped and Defendants' contention fails.

## V. CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court deny Defendants' Motion to Dismiss Plaintiffs' Complaint in its entirety or grant leave to amend if the Motion to Dismiss is sustained.

DATED: December 24, 2013                    Respectfully submitted,


                                            /s/ Michael Yesk
                                            Michael Yesk
                                            Clarisse Chung
                                            Attorney for Plaintiffs

PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS COMPLAINT - 13
CASE NO. 3:13-CV-05225-CRB