Eric D. Houser, SBN 130079
Jeffrey S. Allison, SBN 173620
HOUSER & ALLISON
A Professional Corporation
9970 Research Drive
Irvine, California  92618
Phone: (949) 679-1111
Fax: (949) 679-1112

Attorneys for Defendants OCWEN LOAN SERVICING, LLC; DEUTSCHE BANK
NATIONAL TRUST COMPANY, AS TRUSTEE FOR SOUNDVIEW HOME LOAN TRUST
2006-OPT5, ASSET BACKED CERTIFICATES, SERIES 2006-OPT5, erroneously sued herein
as DEUTSCHE BANK NATIONAL TRUST COMPANY; and POWER DEFAULT
SERVICES, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REY TABONES AND FELOMENA TABONES, | CASE NO.: 3:13-cv-05225-WHO |
| Plaintiffs, | HON. WILLIAM H. ORRICK |
| vs. | **REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |
| DEUTSCHE BANK NATIONAL TRUST COMPANY; OCWEN LOAN SERVICING, LLC; POWER DEFAULT SERVICES, INC.; and DOES 1-100, INCLUSIVE; | Date:    March 5, 2014 |
| | Time:    2:00 p.m. |
| | Ctrm:   2, 17th Floor |
| Defendants | |

## I.      INTRODUCTION

Defendants submit the following Reply to Plaintiffs' Opposition filed on December 24,

2013.  Plaintiffs' Opposition maintains this is a wrongful foreclosure action based on

Defendants lacking of any right under the loan.  (Opp. Intro. p. 1).  Plaintiffs' Opposition

ignores much of the controlling authorities cited in the Motion to Dismiss.  The authority they

cite is misplaced and insufficient to circumvent the controlling law.

Plaintiffs suggest this action is not judicially estopped by their Bankruptcy because the

Bankruptcy Court did not rely on the information they provided in their Schedules under penalty of perjury to obtain the Bankruptcy relief, or that subsequent separate actions asserting positions inconsistent to that of the Bankruptcy are not estopped.  Plaintiffs are incorrect on both counts as a matter of law under the authorities in the Motion which go unaddressed in the Opposition.  Plaintiffs are judicially estopped and this action must be dismissed.  Even they were not estopped in this action, Plaintiffs' do not circumvent the Motion establishing that the claims fail.

First, Plaintiffs' focus primarily on the state court opinion <u>Glaski</u> for the proposition that they are a third-party beneficiary of the trust agreement and PSA by and between other parties.  However <u>Glaski</u> is neither the law in this Country nor is binding on this Court.  **Eight** federal district courts have disagreed with and declined to follow the state court option in <u>Glaski</u>, including **six** Courts in this Northern District.  As established by the numerous unaddressed authorities in the Motion, Plaintiffs do not have standing and cannot base their claims upon a challenge to the initial loan trust agreement or PSA between other parties or Defendants.  The Complaint based on this theory must be dismissed.

Second, Plaintiffs cite no controlling authority on point to circumvent the law establishing that their TILA claim is time-barred and that the Court thereby lacks subject matter jurisdiction.  Even if the Court had jurisdiction, the Complaint fails to allege the necessary elements such as that any non-disclosure by the originator of the loan was apparent on the face of the Note, Deed of Trust, or disclosure statement.  Implication or suggestion as argued in the Opposition is insufficient.  Plaintiffs' TILA claim must be dismissed.

Third, Plaintiffs' FDCPA claim necessarily fails under the creditor exemption to the definition of a "debt collector," and because foreclosure is excepted from the purview of debt collection.  The Complaint is based on the recorded foreclosure notices, not telephone calls or letters outside or prior to foreclosure.  Again, Plaintiffs' premise that the un-delineated Defendants violated the FDCPA due to the PSA cannot be stated.

Fourth, Plaintiffs' RESPA claim similarly fails on the elements.  No claim can be stated against Deutsche or PDS and insufficient against Ocwen limited to the servicing of the loan.  Once more, Plaintiffs' theories about the loan origination and transfer pursuant to a trust and PSA agreement cannot serve as a basis for the claim.  Payments made by Plaintiffs on their defaulted loan are not damages and the Complaint alleges no completed foreclosure.  The RESPA claim must be dismissed.  There is no remaining or applicable basis for the common count of money had and received.  Defendants' Motion should be granted with prejudice.

## II.   PLAINTIFFS ARE JUDICIALLY ESTOPPED IN THIS ACTION AS A RESULT OF THEIR BANKRUPTCY

Plaintiffs do not address much of the authorities set forth in the Motion.  Plaintiffs take the position in their Opposition (1) that only inconsistent positions taken in the same litigation are judicially estopped; or (2) that the Bankruptcy Court in granting the relief did not rely on the Plaintiffs' failure to schedule or disclose any of their claims concerning the loan as alleged in this action.  As established by the multiple authorities in the Motion which go unaddressed in the Opposition, Plaintiffs are wrong on both counts.

First, the doctrine of judicial estoppel bars subsequent actions in another court, as established by authorities in the Motion unaddressed by Plaintiffs.  Rissetto v. Plumbers and Steamfitters Local 343, 94 F.3d 597, 600-601 (9th Cir. 1996); Conrad v. Bank of America Nat'l. Trust & Sav. Ass'n. (1996) 45 Cal.App.4th 133, 146-47.   Plaintiffs do not address these cited authorities.  Plaintiffs' suggestion of a settled claim being a distinguishing characteristic under the separate Hay decision is of no course.  Even if it were, Plaintiffs' stipulation to amend their Chapter 13 Plan to provide the loan payment amounts to Defendants in full and agreement to be bound thereby would in effect be deemed a settlement or resolution of Defendants claim under the loan in its entirety.  (RJN Exhs. 4, 7-10).

Second, Plaintiffs are judicially estopped due to the inconsistent position now taken

challenging their loan as to the identified creditor Defendants.  Plaintiffs scheduled the loan to

creditor Defendants without dispute or set off in order to set their liabilities in excess of assets.

(RJN Exhs. 4-10).  Plaintiffs' creditors and the Bankruptcy Court relief upon this information

enabling Plaintiffs to obtain the Bankruptcy relief received, i.e. confirmed Chapter 13 Plan for

payments to Defendants and Plaintiffs' other creditors.  (RJN Exhs. 8-10).  The Complaint does

not and cannot suggest otherwise.  As a result, Plaintiffs are prevented from maintaining this

action.  See, Hamilton v. State Farm Fire & Casualty Company 270 F.3d 778, 783 (9th Cir.

2001); Conrad at 146; Oneida Motor Freight, Inc. v. United Jersey Bank. 848 F. 2d 414, 417 (3rd

Cir. 1988).  Defendants' Motion should be granted and this action dismissed.

## III.  PLAINTIFFS HAVE NO STANDING TO VOID THE ASSIGNMENT TO DEFENDANT UNDER A PSA UNDER THE APPLICABLE LAW

Plaintiffs' Complaint does not and cannot allege they were signatories or parties to the

PSA or the Assignment of the beneficiary interest in the loan by and between other parties.

Nevertheless, Plaintiffs argue they have standing to challenge the Assignment of the loan under

the PSA in New York as intended third-party beneficiaries, citing to the California state opinion

in Glaski v. Bank of America, 218 Cal.App.4th 1079 (Cal.App. 5 Dist. 2013).

As reported however, **two** Federal Courts in this District have disagreed with Glaski.

See, Apostol v. Citimortgage, Inc., 2013 WL 6328256 * 6-7 (N.D.Cal. Nov. 21, 2013); In re

Sandri, 501 B.R. 369 (Bankr.N.D.Cal. Nov. 4, 2013).  The Northern District Court disagreed

with the minority opinion attempting to interpret New York trust law in Glaski;

> Plaintiff relies on *Glaski v. Bank of Am., Nat'l Ass'n,* 218 Cal.App. 4th 1079, 1097 (2013). In *Glaski,* the California Court of Appeal held that allegations that the transfer of the DOT to a securitized trust post the closing date required by PSA, were sufficient to allege a claim that the attempted transfers of the DOT were void. *Id.* at 1097–98. However, *Glaski* represents a distinct minority view on the standing of third parties to enforce or assert claims based on alleged violations of a PSA. Indeed, other California Court of Appeal decisions have found to the contrary. For example, the Court of Appeal in *Jenkins v. JP Morgan Chase Bank, N.A.,* 216 Cal.App. 4th 497, 515 (2013) rejected a plaintiff's attempt to rely on alleged

deficiencies in the securitization process to challenge subsequent assignments of the promissory note. The Court held that "a[ ]s an unrelated third party to the alleged securitization, and any other subsequent transfers of the beneficial interest under the promissory note, Jenkins lacks standing to enforce any agreements, including the investment trust's pooling and servicing agreement, relating to such transactions." Even assuming that the subsequent transfers of the note were invalid, the Court nonetheless concluded that plaintiff "is not the victim of such invalid transfers because her obligations under the note remained unchanged. Instead, the true victim may be an entity or individual who believes it has a present beneficial interest in the promissory note and may suffer the unauthorized loss of their interest in the note." *Id.*

Moreover, courts in this District have expressly rejected *Glaski* and adhered to the majority view that individuals who are not parties to a PSA cannot base wrongful foreclosure claims on alleged deficiencies in the PSA/securitization process. *See, e.g., Dahnken v. Wells Fargo Bank, N.A.,* C 13–2838 PJH, 2013 WL 5979356, *2 (N.D.Cal. Nov. 8, 2013)* ("[t]he court adopts the 'majority position' of courts within this district, which is that 'plaintiffs lack standing to challenge noncompliance with a PSA in securitization unless they are parties to the PSA or third party beneficiaries of the PSA.' "); *In re Sandri,* 2013 WL 5925655 (Bankr.N.D.Cal. Nov. 4, 2013) ("The court disagrees, as *Glaski* is inconsistent with the majority line of cases and is based on a questionable analysis of New York trust law.").

Apostol v. CitiMortgage, Inc., 2013 WL 6328256 * 6-7 (N.D.Cal. Nov. 21, 2013 (No. 13-CV-01983-WH).

Additionally, **six** Federal Courts have declined to follow Glaski, including **four** Courts in this District.  See, Subramani v. Wells Fargo Bank N.A., 2013 WL 5913789 (N.D.Cal. Oct. 31, 2013); Dahnken v. Wells Fargo Bank, N.A., 2013 WL 5979356 (N.D.Cal. Nov. 8, 2013); Zapata v. Wells Fargo Bank, N.A., 2013 WL 6491377 (N.D.Cal. Dec. 10, 2013); Rivac v. Ndex West LLC, 2013 WL 6662762 (N.D.Cal. Dec. 17, 2013); Newman v. Bank of New York Mellon, 2013 WL 5603316 (E.D.Cal. Oct. 11, 2013); Boza v. U.S. Bank Nat. Ass'n, 2013 WL 5943160 (C.D.Cal. Oct. 28, 2013).  The minority Glaski opinion is not mandatory authority in this Court.[1]

---

[1]  Plaintiffs' reference to  Culhane v. Aurora Loan Services of Nebraska, 708 F.3d 282 (1st Cir. 2013) is inapposite.  The Court in Culhane in applying Massachusetts law upheld summary judgment in favor of the loan servicer in an action including a claim that the borrower had recognized standing to challenge the assignment of the loan.  The Court noted that while the borrower had standing to challenge a loan assignment to a particular assignee where the assignor had nothing to assign (e.g. MERS nominee argument), the Court also noted that a borrower does not have standing to challenge shortcomings in an assignment that render it merely voidable at

5
REPLY RE MOTION TO DISMISS

Accordingly, Plaintiffs' Complaint cannot challenge the recorded Assignment of the loan to Deutsche as void or voidable under the PSA. (Cplt. Exh. C). In that this is the premise of Plaintiffs' Complaint, Plaintiffs' argument against application of the **tender rule** based thereon fails in this self proclaimed wrongful foreclosure action. As a further result of the failed premise, Defendants' Motion should be granted pursuant to the weight of authority.

## IV. THE FIRST CLAIM UNDER TILA REMAINS INAPPLICABLE TO DEFENDANTS AND TIME-BARRED AS A MATTER OF LAW

Defendants' Motion does not request to make factual findings or resort to extraneous documents not properly before the court. The only documents relied upon in the Motion or those exhibited to Plaintiffs' Complaint and public records filed by them with the U.S. Bankruptcy Court in their Bankruptcy. Plaintiffs' Opposition does not and cannot lodge a specific objection to these records exhibited and filed by them. Rather, Plaintiffs are grasping at straws for a TILA claim that is barred against each of these Defendants.

As established above, Plaintiffs' claims challenging how or when the 2006 loan was securitized into a trust pool cannot be stated. As established in the Motion, Plaintiffs' TILA claim is time-barred and the Court lacks subject matter jurisdiction. 15 U.S.C. §§ 1635(f), 1640(e); King v. Cal. 784 F.2d 910, 913-14 (9th Cir. 1986); Hubbard v. Fidelity Federal Bank, 824 F.Supp. 909 (C.D.Cal. 1993). The time periods in TILA are substantive and absolute, there is no equitable tolling in the context of this action as suggested by Plaintiffs. See, Walker v. Washington Mut. Bank FA, 63 Fed.Appx. 316, 317 (9th Cir. 2003) (slip opinion); Rowland v. Novus Financial Corp., 949 F.Supp. 1447, 1454 (D.Haw. 1996). Miguel v. Country Funding,

the election of one party. Id. at 291. Here, Plaintiffs' Complaint asserts no claim challenging a MERS nomination or assignment. The Culhane decision is distinguishable, inapplicable, or not controlling in this action pending in this Circuit. In any event, the Court in that decision upheld summary judgment in favor of the loan servicer and against the borrower.

REPLY RE MOTION TO DISMISS

309 F.3d 1161, 1164 (9th Cir. 2002) (the limitations periods under TILA, such as three years for

rescission actions under Section 1635(f), are absolute and bar any claims thereafter).

Plaintiffs' Opposition does not address these statutory provisions and authorities, and

cites no controlling authority to circumvent them.[2] Plaintiffs cite no authority regarding the

inapplicability of Section 1641(g) amendment made effective in 2011 and which was not

effective at the time of the 2008 assignment. The first claim must be dismissed with prejudice.

Even if Plaintiffs' TILA claim was not barred and this Court still had jurisdiction, no

TILA claim can be stated against Ocwen as the loan servicer or PDS as the foreclosure trustee.

TILA excepts loan servicers and are not made applicable to foreclosure trustees as

acknowledged. 15 U.S.C. § 1641(f); (Cplt. ¶ 24). Further, the Complaint does not state the

TILA claim against assignee Deutsche. The Complaint does not allege that a TILA violation

was apparent to Deutsche on the face of the Note, Deed of Trust, or Disclosure Statement. 15

U.S.C. §§ 1640, 1641(a),(e); Taylor v. Quality Hyundai, Inc., 150 F.3d 689 (7th Cir. 1998);

Ramadan v. Chase Manhattan Corp., 229 F.3d 194 (3rd Cir. 2000); Balderos v. City of Chevrolet,

214 F.3d 849 (7th Cir. 2000); Smith v. Highland Bank, 915 F.Supp. 281 (N.D.Ala. 1996); Barber

v. Fairbanks Capital Corp., 266 B.R. 309, 321 (Bktcy.E.D.Cal. 2001).[3] These are the sole

documents considered pursuant to these authorities, not some amorphous loan file or set of

_____

[2] Plaintiffs' reference to King for some unspecified equitable tolling is entirely misplaced. The Court in King made clear that equitable tolling is not available in the context of this action, only as a defense for set-off or recoupment in an action filed against a borrower by the lender/servicer to foreclose or other claim. This action was not filed by Defendants. No doubt, this is the reason why Plaintiffs do not discuss or develop their suggestion under King.

[3] The statutory phrase, "apparent on the face of the disclosure statement" is strictly applied. It does not include misrepresentations, special knowledge, or other documents in connection with the issuance of the loan; there is no additional duty of inquiry by assignees. See, e.g., Taylor v. Quality Hyundai, Inc., 150 F.3d 689 (7th Cir. 1998); Ramadan v. Chase Manhattan Corp., 229 F.3d 194 (3rd Cir. 2000); Balderos v. City of Chevrolet, 214 F.3d 849 (7th Cir. 2000); Smith v. Highland Bank, 915 F.Supp. 281 (N.D.Ala. 1996) (assignee not liable because alleged finance charge was not apparent on the face of the TILA disclosure or HUD-1 settlement statement).

documents that may come later with the assigned file if at all.  Plaintiffs cite no cognizable

authority otherwise.  Plaintiffs' first claim under TILA must be dismissed with prejudice.

## V.     THE OPPOSIITION DOES NOT RESURRECT THE FAILED FDCPA CLAIM

Defendants do not maintain that they can never fall within the FDCPA definition of a

"debt collector" in any scenario.  In the instant scenario as alleged by the Complaint however,

Defendants are not debt collectors under the FDCPA.

Despite Plaintiffs' argument at page 9 of the Opposition, the Complaint does not allege

"letters requesting payment" from each Defendant.  Rather, Plaintiffs' FDCPA claim is based on

(1) the failed premise that Defendants cannot enforce or collect upon the defaulted loan due to

untimely securitization and assignment under a PSA (Cplt. ¶ 34); and (2) an alleged failure of

Defendants regarding mitigation attempts prior to the Notice of Default pursuant to California

Civil Code § 2923.5.  (Cplt. ¶ 35-39, Exh. E).  If the Complaint alleges that "Defendants" did not

make certain attempts or communications, then it cannot be said that Defendants make improper

attempts or communications to affirmatively collect a debt.  The FDCPA claim is premised more

upon the recorded Notice of Default commencing the foreclosure.  (Cplt. ¶¶ 36, 37, 39).

Despite Plaintiffs' argument, the law under the FDCPA provides that Defendants cannot

be liable under the exemptions for creditors collecting their own debts.  See, Scott v. Wells Fargo

Home Mortg., 326 F.Supp.2d 709, 718 (2003), McAnaney v. Astoria Financial Corp Scott v.

Wells Fargo Home Mortg., 357 F.Supp.2d 578, 592-593 (E.D.N.Y. 2005); Showalter v. Chase

Manhattan/Providian, 2005 WL 2000943 (N.D.Cal. Aug. 19, 2005) (creditor exemption proper

on motion to dismiss).  Also, Defendants cannot be liable under the FDCPA for the non-judicial

foreclosure process.  See, Hulse v. Ocwen Federal Bank, FSB, 195 F.Supp.2d 1188, 1204 (D.Or.,

2002) (foreclosure of an interest in property is not the collection of money under FDCPA);

Williams v. Countrywide Home Loans, Inc., 504 F.Supp.2d 176, 190 (S.D.Tex.2007); Ines v.

Countrywide Home Loans, Inc., 2008 WL 2795875 (S.D.Cal. 2008); Gallegos v. Recontrust Co.,
2009 WL 215406 * 3 (S.D.Cal. August 4, 2009).

Plaintiffs do not address these authorities cited for the creditor and foreclosure
exemptions.  Further, the Complaint alleges no debt collection specifically by Deutsche or PDS,
or by Ocwen for that matter.  Plaintiffs' second claim under the FDCPA must be dismissed.

**VI.    PLAINTIFFS' RESPA CLAIM STILL FAILS**

Plaintiffs do not address Defendants' authorities.  Plaintiffs ignore the failure of their
allegation of a QWR to Deutsche and PDS.  (Cplt. ¶ 46).  12 U.S.C. §§ 2605(e)(1)(A),
(e)(1)(B); Judd v. Resolution Trust Corp., 1999 WL 1014964 (D.D.C. Aug. 17, 1999) (servicers
only).  No RESPA claim can be stated against them.  Plaintiffs do not cite controlling authority
to circumvent the rule that as to Ocwen RESPA is not triggered if there is no qualified written
request addressing issues other than loan servicing, e.g. the origination, securitization, or
validity of the loan.  12 U.S.C. § 2605(i)(3); Consumer Solutions REO, LLC v. Hillery, 658
F.Supp.2d 1002 (N.D.Cal. 2009) (RESPA 12 U.S.C. § 2605(e) governs QWR's to servicers, not
owners of the loan); MorEquity, Inc. v Naeem, 118 F.Supp.2d 885 (N.D.Ill. 2000); Pettie v.
Saxon Mortgage Services, 2009 WL 1325947 (W.D.Wash., 2009).

Plaintiffs do not allege dates or specifics.  Plaintiffs concede that Ocwen provided a
timely response "within 60 days" on June 4, 2013 and validated the defaulted loan account as
correct with a power of sale.  (Cplt. ¶¶ 48, 49).  That Plaintiffs disagree does not establish a
claim under RESPA.  Once again, Plaintiffs' premise that Defendants do not have authority
pursuant to a PSA fails.  That Plaintiff made payments under the loan to Defendants as required
does not establish damages either.  12 U.S.C. § 2605(f)(1); Byrd v. Homecomings Financial
Network, 407 F.Supp.2d 937 (N.D.Ill. 2005).  If Plaintiffs truly believed Defendants had no
authority under the loan, they would not have done so.  The Complaint does not name or allege
any other party that purportedly has the loan.  The third claim should be dismissed.

REPLY RE MOTION TO DISMISS

1

## VII.    THERE IS NO CLAIM FOR MONEY HAD AND RECEIVED

2

There is no remaining basis for Plaintiffs' last claim for money had and received.  The

3

fatal flaw is that it is Plaintiffs that owes the debt to repay his loan.  Defendants do not owe the

4

money on the debt to Plaintiffs.  This is especially the case since Plaintiffs are under order of the

5

U.S. Bankruptcy Court to make payments to Defendants pursuant to the confirmed Chapter 13

6

Plan in Plaintiff's Bankruptcy.  (RJN Exh. 4, 7-10).  The Complaint does not specify "damages"

7

vaguely alleged on information and belief.  (Cplt. ¶ 64).  A cursory claim of damages is not a

8

money debt owed by un-delineated Defendants to Plaintiffs.  As established, Plaintiffs lack

9

standing and their premise of a void or voidable loan under a PSA trust transfer, upon which this

10

and the other claims are based, fails. Plaintiffs cite no law in their Opposition establishing a

11

money had and received claim.  Plaintiffs' fourth claim for money had and received cannot be

12

stated.  See, Schultz v. Harney (1994) 27 Cal.App.4th 1611, 1623, 33 Cal.Rptr.2d 276; Weiss v.

13

Marcus (1975) 51 Cal.App.3d 590, 599, 124 Cal.Rptr. 297.

14

## VIII.  CONCLUSION

15

For the reasons set forth in the Motion and above, Defendants respectfully request their

16

Motion be GRANTED and that they be dismissed from this action with prejudice.

17

18

DATED:  December 30, 2013               HOUSER & ALLISON
                                     A Professional Corporation

19

20

21

22
                                   /s/ Jeffrey S. Allison

23
                                   Jeffrey S. Allison, Esq.
                                   Attorneys for Defendants OCWEN LOAN

24
                                   SERVICING, LLC; DEUTSCHE BANK
                                   NATIONAL TRUST COMPANY, AS

25
                                   TRUSTEE FOR SOUNDVIEW HOME
                                   LOAN TRUST 2006-OPT5, ASSET

26
                                   BACKED CERTIFICATES, SERIES 2006-
                                   OPT5; and POWER DEFAULT

27
                                   SERVICES, INC.

28

**PROOF OF SERVICE**

STATE OF CALIFORNIA       )
                          ) SS
COUNTY OF ORANGE          )

   I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 9970 Research Drive, Irvine, California 92618.

   On December 30, 2013, I served the following document(s) described as follows:

**REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

   On the following interested parties in this action:

Michael Yesk, Esq.
Megan Dailey, Esq.
Clarisse Jien-Yee Chung, Esq.
70 Dorey Drive #16
Pleasant Hill, CA 94523
(925) 849-5525
saveyourhouse70@gmail.com
yesklaw@gmail.com
cc.yesklaw@gmail.com

*Attorneys for Plaintiffs* REY and FELOMENA TABONES

☒  <u>VIA ELECTRONIC MAIL</u>—I transmitted the document(s) listed above electronically either by e-mail or by electronic filing through the CM/ECF System to the e-mail addresses listed above.  I am readily familiar with Microsoft Outlook's e-mail system and the United States District Court's CM/ECF System, and the transmission was reported as complete without error.

   I declare under penalty of perjury, under the laws of the United States that the foregoing is true and correct.

   Executed on December 30, 2013 at Irvine, California.

Courtney Hershey